FILED
11/06/2024
Amy McGhee
CLERK
Missoula County District Court
STATE OF MONTANA
By: Alisha Wiley
DV-32-2024-0000993-BF
Marks, Jason
1.00

Rex Palmer
Lincoln Palmer
ATTORNEYS INC., P.C.
301 W Spruce
Missoula, MT 59802
(406) 728-4514
lpalmer@attorneysincpc.com
firm@attorneysincpc.com
ATTORNEYS FOR PLAINTIFF

MONTANA FOURTH JUDICIAL DISTRICT COURT, MISSOULA COUNTY

| | |
|---|---|
| Patrick Phelps,<br>*Plaintiff*,<br>v.<br><br>Allianz Global Corporate & Specialty, Allianz Global Risks US Insurance Company, National Surety Corporation, and Fireman's Fund Insurance Co.,<br>*Defendants*. | Cause No. ________<br><br>Dept. No. _________<br><br>**COMPLAINT AND JURY DEMAND** |

* * * * *

COMES NOW Plaintiff Patrick Phelps, by and through his attorney, Rex Palmer of the firm Attorneys Inc., P.C., and alleges:

1. On or about September 25, 2016, in Ravalli County, Montana, on US 93, just outside Darby, Montana, Plaintiff was legally driving his motor vehicle, within the speed limit, southbound in the dark and collided with a bison that was on the highway.

2. Plaintiff was driving with his headlights set to bright. Unbeknownst to

Plaintiff, there were several bison wandering on US 93. When he saw the bison on the road, Plaintiff slammed on his brakes, but could not avoid colliding with the bison.

3. Plaintiff was not responsible for the collision in any way.

4. G & C Farming, LLC ("G & C Farming"), owned and cared for the bison with which Plaintiff collided.

5. The collision was entirely the fault of G & C Farming by its negligent, careless and unlawful failure to confine its bison and prevent its bison from wandering onto the highway.

6. As a result of the collision, Plaintiff sustained injuries and incurred expenses and medical treatment.

7. Defendants insured G & C Farming with Fireman's Fund Insurance Co. policy number FRM-80320392 for liability for fault and for certain medical expenses regardless of fault.

8. The damages suffered by Plaintiff, as described above, resulted in Defendants' duty to pay Plaintiff.

9. After numerous communications and litigation, Plaintiff ultimately received payment for his injuries and losses via a confidential compromise settlement.

10. In the course of adjusting Plaintiff's claims, Defendants failed to reasonably investigate Plaintiff's claims and damages based upon all available information.

11. In the course of adjusting Plaintiff's claims, Defendants also failed and

refused to reasonably pay benefits and failed to effectuate prompt, fair and equitable settlements of Plaintiff's claims.

12. In the course of adjusting Plaintiff's claims, even though liability was reasonably clear, Defendants failed to promptly pay and settle Plaintiff's medical payments claim in order to influence settlements of Plaintiff's other claims.

13. By failing and refusing to timely and reasonably pay Plaintiff based upon the available information, Defendants breached the covenant of good faith and fair dealing in violation of Montana's common law and violated Unfair Trade Practices Act which are intended for the benefit and protection of persons such as Plaintiff.

14. As a direct and proximate result of Defendants' conduct, Plaintiff has sustained substantial compensable losses, including lost interest on delayed payment of compensation and other economic losses, including attorney fees, the value of Plaintiff's time in prosecuting this action, travel and other incidental expenses and he has suffered emotional distress, anger, disappointment and worry, all to Plaintiff's detriment and damage in an amount not fully ascertained.

15. At all material times and in doing the things alleged herein, Defendants knew that they were obliged to pay Plaintiff's benefits. Nevertheless, acting oppressively, maliciously and outrageously towards Plaintiff, with conscious disregard to Plaintiff's known rights and with the intention of wrongfully interfering with Plaintiff's prospective economic advantage and

property interest in such benefits and of intentionally causing unjust and cruel hardship and severe emotional distress to Plaintiff, Defendants withheld benefits as alleged. In so acting, Defendants acted to and did vex, injure and annoy Plaintiff.

16. In failing and refusing to timely and reasonably pay benefits based upon all available information, Defendants acted wrongfully and unreasonably.

17. The actions of Defendants constitute actual malice justifying an award of punitive damages in that Defendants had knowledge of facts and intentionally disregarded facts which created a high probability of injury to the Plaintiff and deliberately proceeded to act in conscious or intentional disregard of, or indifference to, the high probability of injury to Plaintiff.

18. The following is an example of Defendants' conduct alleged above:

(A) The Policy states, in part,

COVERAGES H, I, & J (FARM LIABILITY)

...

| | | |
|---|---|---|
| Medical Expense Limit | Any one Person | $5,000 |

...

COVERAGE J–MEDICAL PAYMENTS

1. Insuring Agreement

a. We will pay reasonable medical expenses incurred or medically ascertained within 3 years from the date of an accident causing bodily injury . . . .

b. This coverage applies only:

2. To a person (other than an insured) off the insured location, provided the bodily injury:

(d) Is caused by an animal owned by or in the care of an insured.

The section at issue is set out below:

**COVERAGE J – MEDICAL PAYMENTS**

**1. Insuring Agreement**

a. We will pay reasonable medical expenses incurred or medically ascertained within 3 years from the date of an accident causing **bodily injury**.

We will make these payments regardless of fault.

Reasonable medical expenses means expenses incurred or ascertained for:

(1) First aid administered at the time of an accident;

(2) Necessary medical, surgical, x-ray and dental services, including prosthetic devices; and

(3) Necessary ambulance, hospital, professional nursing and funeral services.

b. This coverage applies only:

(1) To a person (other than an **insured**) who is on the **insured location** with the permission of an **insured**, or

(2) To a person (other than an **insured**) off the **insured location**, provided the **bodily injury**:

(a) Arises out of a condition on the **insured location** or the ways immediately adjoining it;

(b) Is caused by the activities of an **insured** or by a **farm employee** in the course of employment by an **insured**;

(c) Is caused or sustained by a **residence employee** in the course of employment by an **insured**; or

(d) Is caused by an animal owned by or in the care of an **insured**.

(B) Plaintiff is a person, other than an insured, who suffered bodily injury off the insured location (on the highway), caused by an animal (bison) owned and in the care of an insured (G & C Farming).

(C) Plaintiff incurred necessary and reasonable medical expenses within three years from the date of the collision which caused bodily injury.

(D) He did so in 2016, 2017, 2018, and 2019 by incurring medical expenses related to the collision causing bodily injury.

(E) During those years Plaintiff incurred over $5,000.00 of medical expenses related to the collision causing bodily injury.

(F) Plaintiff, via counsel, submitted a claim (claim no. 00516265401) for $5,000.00 of medical expenses under the Policy at issue, on November 22, 2022, and provided proof of more than $5,000.00 of medical expenses related to the collision.

(G) Defendants denied the claim on December 16, 2022. See attached Ex. A, denial letter.

(H) Defendants denied the claim based solely on Policy section Coverage J–Medical payments 1.a.

(I) Defendants denied the claim, based on Policy section J 1. a., for one reason, and one reason only: "Since this accident occurred on 9/25/2016 any claim for Medical Payments coverage should have been made before 09/25/2019."

(J) Defendants' denial (for not submitting the claim within three years of the crash) is wrongful because the three year limitation is unrelated to the claim submission date. Instead, the Policy covers "medical expenses incurred or medically ascertained within 3 years from the date of the accident."

(K) By their denial Defendants wrongly, intentionally, and knowingly read ambiguity and confusion into their Policy language, and defy the Montana Supreme Court, which has held: “an ordinary consumer would consider the term ‘incurred’ to be clear and unambiguous. Under general understanding, a person incurs medical expenses at the time services are rendered.” *Winter v. State Farm Mut. Auto. Ins. Co.*, 2014 MT 168, ¶ 16, 375 Mont. 351, 328 P.3d 665.

WHEREFORE, Plaintiff requests the following relief:

1. For compensatory damages including interest and including special and general damages for the distress and aggravation caused by Defendants’ conduct and claims handling practices.
2. For all costs of suit herein expended and such other and further relief as the Court and jury shall deem just and proper.

**JURY DEMAND**

Plaintiff requests a trial by jury for all issues so triable.

DATED this 6th day of November, 2024.

/s/ Rex Palmer
ATTORNEYS INC., P.C.
301 W Spruce
Missoula, MT 59802
(406) 728-4514
ATTORNEYS FOR PLAINTIFF

Allianz Global Corporate & Specialty®

December 16, 2022

Attorneys Inc., P.C.
301 W. Spruce St.
Missoula, MT 59802

| | | |
|---|---|---|
| Re: | Claim No.: | 00516265401 |
| | Date of Loss: | 09/25/2016 |
| | Our Insured: | G&C Farming |
| | Company/Policy No: | Fireman's Fund Insurance Co./ FRM-80320392 |
| | Claimant: | Patrick Phelps |

Dear Mr. Lincoln Palmer,

This will confirm receipt of your Medical Payment Coverage demand for $5,000.00 dated November 22, 2022 which was sent via email to Liesel Shoquist. You have referred to form FL0020 01/98 – Medical Payments coverage (1)(b)(2)(d) as the basis for your demand, which states the following:

1. **Insuring Agreement**
   b. This coverage applies only:
      2. To a person (other than an **insured**) off the **insured location**, provided the bodily injury:
         b. Is caused by an animal owned by or in the care of an **insured**.

Please refer to the same form FL0020 01/98 Coverage J Medical Payments (1)(a) which states:

1. **Insuring Agreement**
   a. We will pay reasonable medical expenses incurred or medically ascertained within 3 years from the date of an accident causing **bodily injury**.

Since this accident occurred on 9/25/2016 any claim for Medical Payments coverage should have been made before 09/25/2019.

Please consider this our formal denial to your demand of $5,000.00 for Medical Payments. Should you have any additional questions please feel free to contact me or Liesel Shoquist.

Sincerely,

Joseph Engelland
Sr. Claims Adjuster
P. 678-332-3518
E: joseph.engelland@agcs.allianz.com



*Complaint Exhibit "A" Phelps v. Allianz, et al.*

## CERTIFICATE OF SERVICE

I, Rexford L. Palmer, hereby certify that I have served true and accurate copies of the foregoing Complaint - Complaint to the following on 11-06-2024:

Rexford L. Palmer (Attorney)
301 W Spruce
Missoula MT 59802
Service Method: eService
E-mail Address: firm@attorneysincpc.com

Lincoln Palmer (Attorney)
301 W. Spruce st.
Missoula MT 59802
Service Method: eService
E-mail Address: lpalmer@attorneysincpc.com

Electronically Signed By: Rexford L. Palmer
Dated: 11-06-2024